UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JESSE J. BOYKIN,<br><br>      Plaintiff,<br><br>  vs.<br><br>PATRICK DONAHOE, United States Postmaster General,<br><br>      Defendant. | Case No: C 10-2517 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Docket 64. |

Pro se Plaintiff Jesse J. Boykin ("Plaintiff") brought this action against his employer the United States Postal Service ("USPS"), alleging claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). See Compl., Dkt. 1.[1] The parties are presently before the Court on Defendant United States Postmaster General Patrick Donahoe's ("Defendant") motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Dkt. 64. Plaintiff opposes the motion. Dkt. 74. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

///

---

[1] Plaintiff also brought this action against USPS employees Jose Arana and Anthony Carvelli. See Compl. These Defendants, however, were dismissed with prejudice by stipulation on February 3, 2011. Dkt. 22. As such, the remaining Defendant in this action is Patrick Donahoe, United States Postmaster General.

## I. BACKGROUND

### A. Factual Background

Plaintiff is African-American. Joshua Klipp Declaration ("Klipp Decl."), Exh. AA, Dkt. 66. He was the supervisor of customer services at Mill Valley Post Office from August 2002 until August 2005. See Neill Tseng Declaration ("Tseng Decl."), Exh. A at 25:8-17, Dkt. 65. Among his duties, Plaintiff supervised the stamp stock as finance supervisor and had control of, and was accountable for, the stock in the unit reserve stock, which was stock (stamps and envelopes) that had not yet been issued to the retail floor. Id. at 27:2-19, 84:21-85:2, 85:6-20.[2]

When Plaintiff released stock from the unit reserve to the sales associates on the retail floor, he was required to account for the unit reserve stock by filling out a form listing the item being released, the quantity, and the amount. Tseng Decl., Exh. A at 86:1-87:24. The sales associate receiving the stock was required to count the stock to make sure everything was correct and sign a form along with Plaintiff. Id. at 88:1-10. Plaintiff was required to follow this process every time he released stock to sales associates on the retail floor. Id. at 88:11-14.

#### 1. Letter of Warning, Dated December 7, 2005

On or around May 25, 2005, Plaintiff received a letter from Cathy Swarm ("Swarm"), the Officer-in-Charge, or acting Postmaster, notifying him of a proposed action to reduce him in grade from a supervisor to a letter carrier. Tseng Decl., Exhs. A at 62:4-17, H. Plaintiff was charged with falsification of time records and failure to follow instructions. Tseng Decl., Exh. H. The letter set forth multiple instances in which Plaintiff had allegedly falsified time records for various employees. Id.

Anthony Carvelli ("Carvelli"), Manager Post Office Operations, San Francisco District, conducted a follow-up inquiry with Swarm and determined that the charges against Plaintiff for falsification of time records and failure to follow instructions were supported

---

[2] The retail floor stock is stock that has been issued to the sales associates. Tseng Decl., Exh. A at 85:3-5.

by the evidence. Carvelli Declaration ("Carvelli Decl.") ¶¶ 1, 5, Dkt. 69. Carvelli concurred with Swarm's proposal to reduce Plaintiff's grade and sent Plaintiff a letter of decision informing him that he would be reduced in pay and grade to a letter carrier. Carvelli ¶ 5; Tseng Decl., Exh. I.

Plaintiff subsequently appealed this decision to the Merit Systems Protection Board ("MSPB")[3] in the form of a "mixed-case" appeal in which he appealed his reduction in grade and also alleged Equal Employment Opportunity ("EEO") issues, including discrimination on the basis of race, age, and color. Tseng Decl., Exh. J at 16:3-12, 17:16-22. The discrimination allegations were directed at Swarm and Carvelli. Id. at 79:18-80:6.

After Plaintiff made prehearing evidentiary submissions to the MSPB, Plaintiff's reduction in grade was rescinded because all but four of the charged violations were addressed to Carvelli's satisfaction, and therefore Carvelli no longer thought that a reduction in grade was necessary. Carvelli Decl. ¶ 6. Nevertheless, because there were still four violations remaining, Carvelli sent Plaintiff an amended letter of decision on or around December 7, 2005, changing Plaintiff's discipline from a reduction in grade to a letter of warning. Id.; Tseng Decl., Exh. K. Because Plaintiff's reduction in grade was rescinded, the MSPB dismissed Plaintiff's appeal as moot. Tseng Decl., Exh. AJ.

**2. Letter of Decision – Reduction in Grade, Dated March 24, 2006**

On August 31 and September 1, 2005, audits of the retail floor stock and unit reserve stock at the Mill Valley Post Office were conducted. Jose Arana Declaration ("Arana Decl.") ¶ 4, Dkt. 68. The audit of the retail floor stock showed a shortage of approximately $9,000. Id. ¶ 5. The audit of the unit reserve stock showed a shortage of approximately $21,000, for a total shortage of approximately $30,000. Id.

In light of the large shortage, an investigation into the shortage was undertaken.

---

[3] The MSPB is a quasi-judicial government agency created to adjudicate federal employee appeals of agency personnel decisions. Sloan v. West, 140 F.3d 1255, 1258-1259 (9th Cir. 1998). The MSPB is charged with overseeing and protecting the merit system, and adjudicating conflicts between federal employees and their employers. Id. at 1259.

1
2
3
4   Arana Decl. ¶¶ 6-7. After the investigation was complete, Plaintiff was issued a letter notifying him of a proposed reduction in grade for unacceptable conduct based on a failure to follow instructions; specifically, his failure to follow proper procedures in counting and issuing stock. Tseng Decl., Exh. L.

5
6
7
8
9
10
11
12
13
14
15
16
17   On or around March 24, 2006, Plaintiff was sent a letter of decision reducing his grade effective April 1, 2006. Tseng Decl., Exh. M; Carvelli Decl. ¶ 12. Plaintiff was reduced in grade from a supervisor to a letter carrier in the Sonoma Post Office. Tseng Decl., Exhs. A at 145:19-146:12, M. In this letter, Plaintiff was informed that he had the right to appeal the agency's decision to the MSPB within 30 calendar days from the effective date of the decision. Tseng Decl., Exh. M. The letter warned Plaintiff that if he appealed to the MSPB, he would have no further right to appeal with the USPS. Id. The letter also informed Plaintiff that if he believed his reduction in grade was based, in whole or in part, on discrimination he had the option of filing an appeal with the MSPB or filing an EEO complaint with the USPS, but not both. Id. The letter advised Plaintiff that, before filing an EEO complaint, he was required to bring the matter to the attention of the San Francisco District Field EEO Dispute Resolution Office within 45 calendar days of the effective date of his reduction in grade, i.e., within 45 days of April 1, 2006. Id.

18   **B.     Procedural Background**

19         **1.     The 2006 MSPB Appeal**

20
21
22
23
24
25
26
27
28   On May 2, 2006, Plaintiff filed a "mixed case" appeal with the MSPB, challenging his reduction in grade on the grounds that his employer's conduct was discriminatory and in retaliation for the prior EEO complaint he filed following Swarm's May 25, 2005 letter notifying him of a proposed action to reduce him in grade from a supervisor to a letter carrier for falsifying time records and failing to follow instructions. Tseng Decl., Exhs. A 143:14-18, N. On October 31, 2007, Administrative Law Judge ("ALJ") Anthony L. Ellison issued a decision upholding the agency's decision to reduce Plaintiff in grade. Klipp Decl., Ex. Y. The ALJ also concluded that Plaintiff "presented no evidence whatsoever" in support of his claim that "his demotion was the result of reprisal for his

prior equal employment opportunity activity, and of discrimination on the basis of race, color and age." Id.

Plaintiff subsequently filed a petition for review asking for reconsideration of the ALJ's decision, which was denied by the MSPB in a "Final Order" dated April 15, 2008. Klipp Decl., Exh. Z. In this Order, the MSPB outlined Plaintiff's options for further review: (1) he could appeal his discrimination claims to the Equal Employment Opportunity Commission ("EEOC") within 30 calendar days; (2) he could file suit in district court on his discrimination and nondiscrimination claims within 30 calendar days; or (3) he could request review by the United States Court of Appeals for the Federal Circuit of his nondiscrimination claims within 60 calendar days. Id.

### 2. The 2009 EEO Complaint

On April 8, 2009, Plaintiff initiated contact with an EEO counselor regarding, among other things, his claims of discrimination and retaliation arising out of his reduction in grade effective April 1, 2006. See Klipp Decl., Exhs. AB, AC. On May 26, 2009, Plaintiff filed a formal complaint with the EEOC, alleging that he was subject to discrimination and retaliation. Tseng Decl., Ex. P; Klipp Decl., Exh. AB. In his complaint, Plaintiff alleged that he became aware of the discrimination and retaliation arising out of his reduction in grade on March 26, 2009, when he discovered that a co-worker was treated more favorably than him under the same/similar set of circumstances. Klipp Decl., Exh. AB.

On June 25, 2009, the EEOC dismissed Plaintiff's entire complaint as untimely because Plaintiff failed to initiate contact with an EEO counselor within 45 days of the personnel actions complained-of, including Plaintiff's reduction in grade effective April 1, 2006. Klipp Decl., Exh. AB. With respect to Plaintiff's reduction in grade (i.e., the personnel action that forms the basis of this lawsuit), the EEOC dismissed this portion of the complaint on the additional ground that Plaintiff had already elected to pursue this matter with the MSPB, and therefore could not later pursue this matter with the EEOC. Id. Plaintiff appealed this decision. Klipp Decl., Exh., AC.

On December 17, 2009, the agency's decision dismissing Plaintiff's complaint was affirmed on the ground of untimely EEO counselor contact. Klipp Decl., Exh. AC. Plaintiff's request for reconsideration of this decision was subsequently denied in a decision dated February 25, 2010. Tseng Decl., Ex. Q. In that decision, Plaintiff was informed that it was the agency's final decision and that there was no further right of administrative appeal. Id. The decision advised Plaintiff that he had the right to file a civil action within 90 calendar days from the date he received the decision. Id.

### 3. The Instant Action

On June 8, 2010, Plaintiff commenced the instant action against, among others, the USPS, alleging claims of discrimination and retaliation in violation of Title VII. See Compl. In his complaint, Plaintiff seeks relief for his reduction in grade effective April 1, 2006, alleging that his demotion was motivated by race and sex discrimination, and was in retaliation for a previously filed EEO complaint. Id. ¶¶ 4-6. Specifically, Plaintiff alleges that he suffered discrimination on the basis of race when he discovered in March 2009 that a white supervisor was treated differently than him when that supervisor had a stock shortage similar to the one Plaintiff had in 2005. Id. ¶ 6.

On August 23, 2011, Plaintiff's sex discrimination claim was dismissed with prejudice. Dkt. 57. On October 3, 2011, Defendant filed a motion for summary judgment. Dkt. 64. Plaintiff filed an opposition on October 24, 2011. Dkt. 74. A reply was filed on October 31, 2011. Dkt. 75.

## II. DISCUSSION

### A. Legal Standard

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. Id. at 248. The burden then shifts to the nonmoving party to

establish, beyond the pleadings, that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

When the nonmoving party bears the burden of proving the claim, the moving party can meet its burden by pointing out the absence of evidence from the nonmoving party. The moving party need not disprove the other party's case. See Celotex, 477 U.S. at 325. Thus, summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial. Cleveland v. Policy Management Sys. Corp., 526 U.S. 795, 805-806 (1999).

Once the moving party has met its burden, the burden shifts to the nonmoving party to set out specific facts showing a genuine issue for trial. Celotex, 477 U.S. at 324. To carry this burden, the nonmoving party must show more than the mere existence of a scintilla of evidence, Anderson, 477 U.S. at 252, and "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In fact, the nonmoving party must come forth with evidence from which a jury could reasonably render a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 252. In determining whether a jury could reasonably render a verdict in the nonmoving party's favor, all justifiable inferences are drawn in his favor. Id. at 255.

### B. Timeliness of the Instant Action

Defendant contends that summary judgment is appropriate because Plaintiff failed to exhaust his administrative remedies by timely appealing the MSPB's final decision adjudicating the merits of Plaintiff's appeal of his reduction in grade. Defendant argues that instead of seeking timely review of the MSPB's final decision in the appropriate forum (e.g., file a civil action in federal district court within 30 calendar days from April 15, 2008), Plaintiff improperly filed an EEO complaint on the same matter over a year later on May 26, 2009.

Defendant further contends that, even assuming that Plaintiff's failure to timely

appeal the MSPB's final decision does not bar him from bringing the instant action based on his 2009 EEO complaint, summary judgment is nonetheless appropriate because Plaintiff did not timely contact an EEO counselor with respect to his reduction in grade and did not timely commence the instant action after the agency notified him of his right to bring suit.

### 1. The 2006 MSPB Appeal

Federal employees asserting Title VII claims must exhaust their administrative remedies as a precondition to filing a civil action in federal district court.  See Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976).  Generally, a federal employee must seek relief from the EEO department of the employing agency.  See McAdams v. Reno, 64 F.3d 1137, 1141 (8th Cir. 1995).  However, when a federal employee claims he or she has been affected by both an "adverse employment action" and a related Title VII violation, the employee may assert both claims before the MSPB.  Sloan, 140 F.3d at 1259.

The MSPB is a quasi-judicial government agency which adjudicates federal employee appeals of agency personnel actions.  Sloan, 140 F.3d at 1258-1259.  The MSPB has appellate jurisdiction of "adverse employment actions" which fall within one of five categories: (1) a removal, (2) a suspension for more than 14 days, (3) a reduction in grade, (4) a reduction in pay, or (5) a furlough of 30 days or less.  Id. at 1259.

The MSPB also has pendent jurisdiction over discrimination claims brought in connection with an appeal of an "adverse employment action," that is, an appeal of an agency action that falls within one of the five categories of adverse employment actions.  See Sloan, 140 F.3d at 1259.  When a federal employee claims he has suffered an "adverse employment action" that was affected, in whole or part, by unlawful discrimination, he may exhaust his administrative remedies by asserting both claims before the MSPB.  See id.  Such a complaint is referred to as a "mixed case complaint."  See id.

If the MSPB decides it has jurisdiction of the mixed case complaint, the complaint becomes a "mixed case appeal" appropriately adjudicated by the MSPB.  See Sloan, 140 F.3d at 1260.  A "mixed case appeal," in which the MSPB decides the merits of both the

nondiscrimination claim (i.e., the adverse employment action) and the discrimination claim, may be appealed to a federal district court under the applicable discrimination statute. See id. at 1261; Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir. 1993).

If an employee appeals directly to the MSPB, an ALJ makes an initial decision which becomes final 35 days after issuance, unless "any party files a petition for review" with the MSPB, or the MSPB reopens the case on its own motion. 5 C.F.R. § 1201.113. The MSPB may either deny a petition for review, at which point the decision becomes "final," 5 C.F.R. § 1201.113(b), or it may grant review and issue a final decision. 5 C.F.R. § 1201.113(c). Once the MSPB issues a final decision, the employee has three options: (1) appeal the discrimination claim to the EEOC within 30 days, 5 C.F.R. § 1201.157; (2) appeal both the discrimination and nondiscrimination claims to the appropriate district court within 30 days; or (3) appeal the nondiscrimination claim to the United States Court of Appeals for the Federal Circuit within 60 days. 5 U.S.C. § 7703(b).

Here, the undisputed evidence demonstrates that Plaintiff failed to timely seek judicial review of the MSPB's final decision, and therefore his complaint is time-barred. In May 2006, Plaintiff elected to file a mixed case appeal with the MSPB, whereby he sought to have the MSPB adjudicate the validity of his reduction in grade effective April 1, 2006, which he claimed was motivated by unlawful discrimination and retaliation. Tseng Decl., Exh. N. On October 31, 2007, an ALJ issued a decision affirming the agency's decision to demote Plaintiff. Klipp Decl., Exh. Y. In this order, the ALJ specifically concluded that "the agency's selection of the penalty of demotion . . . did not exceed the bounds of reasonableness." Id. The ALJ further concluded that Plaintiff "presented no evidence whatsoever" in support of his claim that "his demotion was the result of reprisal for his prior equal employment opportunity activity, and of discrimination on the basis of race . . ." Id. Plaintiff subsequently filed a petition for review, which was denied by the MSPB in a "Final Order" dated April 15, 2008. Klipp Decl., Exh. Z.

In this Order, the MSPB advised Plaintiff that the ALJ's decision is the final decision in this matter. Klipp Decl., Exh. Z. The Order also expressly advised Plaintiff on

how and when to petition for review with the EEOC or seek judicial review. Id. Specifically, the Order stated, among other things, that Plaintiff could file a civil action in the appropriate United States district court seeking review of his discrimination and nondiscrimination claims by no later than 30 calendar days after receipt of the Order. Id.

Plaintiff, however, failed to do so. Instead, he commenced the instant on June 8, 2010, more than two years after the MSPB issued its final decision on April 15, 2008.[4] Plaintiff, for his part, did not offer any evidence demonstrating that he timely commenced this action. Accordingly, because Plaintiff failed to timely seek judicial review of the MSPB's final decision, summary judgment in favor of Defendant is appropriate.

To the extent Plaintiff contends that the instant action was timely filed following the EEOC's final order dismissing his 2009 EEO complaint, the Court rejects this contention. Having initially elected to pursue relief through the MSPB in 2006 to challenge his reduction in grade, Plaintiff was committed to this avenue of relief. He irrevocably elected to have the MSPB adjudicate his discrimination and nondiscrimination claims arising out of his reduction in grade, and therefore was not entitled to subsequently pursue relief through his agency's EEO office on the same matter. See 29 C.F.R. 1614.107(a)(4) (an agency shall dismiss an entire complaint where the complainant has already raised the matter in an appeal to the MSPB); see also 29 C.F.R. § 1614.302(b) (an employee may initially file a "mixed complaint" with his agency's EEO office or an appeal on the same matter with the MSPB, but not both). In short, Plaintiff's decision to pursue relief through the MSPB with regard to his reduction in grade forecloses judicial review of his later filed EEO complaint

---

[4] In his opposition, Plaintiff contends, without citation to evidence, that he did not abandon the MSPB process and did not fail to exhaust his administrative remedies because on "April 15, 2008 at 7:10 AM [he] filed an e-file on the final order." Pl.'s Opp. at 2, Dkt. 74. A review of the record indicates that the MSPB, not Plaintiff, sent an e-mail on April 15, 2008 at 7:10 a.m., stating that the e-mail constitutes "an issuance by the Merit System Protection Board" of the "Final Order" issued by the MSPB in connection with Plaintiff's case. See Tseng Decl., Exh. W. Thus, contrary to Plaintiff's contention, this e-mail does not demonstrate that he timely sought review of the MSPB's final decision in any forum. Indeed, the undisputed evidence in the record indicates that Plaintiff did not appeal the MSPB's final decision. In response to discovery propounded by Defendant, Plaintiff admitted that he did not do so. See Tseng Decl., Exh. O.

1  on the same matter.

### 2. The 2009 EEO Complaint

Even assuming for the sake of argument that it was proper for Plaintiff to pursue his discrimination and retaliation claims arising out of his reduction in grade with his agency's EEO office in 2009 after electing to pursue relief on the same matter through the MSPB in 2006, summary judgment in favor of Defendant is nonetheless appropriate because Plaintiff failed to comply with the pre-filing exhaustion requirement and to timely commence the instant action.

#### a. Pre-Filing Exhaustion Requirement

An aggrieved person who believes he or she is the victim of discrimination must consult with an EEO counselor prior to filing a complaint in order to try to informally resolve the matter, and must initiate contact with the counselor within 45 days of the matter alleged to be discriminatory, or in the case of personnel action, within 45 days of the effective date of the action. 29 C.F.R. § 1614.105(a). Compliance with § 1614.105 is not a jurisdictional pre-requisite, but rather, a statute of limitations subject to waiver, estoppel and equitable tolling. Kraus v. Presidio Trust Facilities Div./ Residential Mgmt. Branch, 572 F.3d 1039, 1043 (9th Cir. 2009). However, failure to comply with the exhaustion requirement of §1614.105 is fatal to a discrimination complaint in federal court if the complainant fails to demonstrate waiver, estoppel, or equitable tolling. See id.

Here, Plaintiff did not initiate contact with an EEO counselor within the 45-day limitations period. Plaintiff's complaint is based on a personnel action, i.e., reduction in grade, that became effective April 1, 2006. Plaintiff, however, did not make contact with an EEO counselor with respect to this personnel action until over three years later on April 8, 2009. Plaintiff has not argued or offered evidence to show that waiver, estoppel, or equitable tolling apply here such that he is excused from compliance with the pre-filing requirement of 29 C.F.R. § 1614.105.

Plaintiff, for instance, has not pointed to any evidence demonstrating that he was unaware of the time limit to contact an EEO counselor; nor could he, since the letter of

decision reducing his grade specifically stated that if he believed his reduction in grade was based, in whole or in part, on discrimination, he had the option of filing an EEO complaint after bringing the matter to the attention of the EEO dispute resolution office within 45 days of April 1, 2006.  Tseng Decl., Exh. M.  Nor has Plaintiff demonstrated that, despite the exercise of due diligence, circumstances beyond his control prevented him from contacting an EEO counselor within the time limit, or that he acted with excusable delay in contacting the EEO counselor more than three years after his reduction in grade.  Accordingly, because Plaintiff had all of the information he needed to discover and contact an EEO counselor regarding the alleged wrongs of which he now complains within the statutory period, and he does not contend that he was prevented in any way from doing so, there is no basis to excuse his failure to comply with the exhaustion requirement of §1614.105.  Plaintiff's failure to exhaust his administrative remedies before filing suit is fatal to his discrimination complaint, and therefore summary judgment in favor of Defendant is appropriate.[5]

### b. Timely Filing of Instant Action

Upon dismissing a charge of discrimination, the EEOC must notify the claimant and inform him that he has 90 days to bring a civil action.  Payan v. Aramark Mgmt. Servs.

---

[5] To the extent Plaintiff contends that his discrimination claim did not accrue until March 2009 because he did not learn until that time that a white supervisor with a shortage was treated differently than him, Pl.'s Opp. at 2, this contention lacks merit.  Plaintiff's claims accrued upon awareness of the actual injury, i.e., the adverse employment action, not when the Plaintiff suspected a legal wrong.  Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1049 (9th Cir. 2008).  Here, Plaintiff's claims accrued in 2006 when he was subject to a discrete adverse employment action, i.e., the reduction in grade.  At this point, Plaintiff knew that he had been injured and by whom, even if he did not know at that time that there was an allegedly discriminatory motive in reducing his grade.  See id. at 1051 (discrete acts such as refusal to hire trigger the running of the statute of limitations because, at that point, the plaintiff knows that he has been injured and by whom, even if he does not know of the legal injury, i.e., that there was an allegedly discriminatory motive underlying the failure to hire).  The Court notes that while Plaintiff claims that he was not aware that another supervisor with a shortage was treated differently than him until March 2009, the evidence before the Court contradicts that claim.  Plaintiff's appeal with the MSPB, dated May 2, 2006, specifically alleges that "[o]ther employees similarly situated have not been demoted."  Tseng Decl., Exh. N.  Moreover, at his deposition, Plaintiff testified that he knew the identity of a similarly situated employee that was treated differently than him before he filed his MSPB appeal in 2006.  Tseng Decl., Exh. A at 137:14-24, 142:3-143:24, 168:9-169:4.

Limited Partnership, 495 F.3d 1119, 1121 (9th Cir. 2007). This 90-day period is a statute of limitations. Id. If a claimant fails to file the civil action within the 90-day period, the action is barred. Id.

The start of the limitations period is measured from the date on which a right-to-sue notice letter arrived at the claimant's address of record. Payan, 495 F.3d at 1122. Where that date is known, the claimant is deemed to have received notice on that date, regardless of whether the claimant personally saw the right-to-sue letter. Id. at 1122. Where the date of receipt is unknown, there exists a rebuttable presumption that the right-to-sue letter was received within three days of its mailing. Id. at 1124-1126.

Here, Plaintiff was advised, in a decision dated February 25, 2010, that the agency had issued its final decision with respect to his EEO complaint, and that he had the right to file a civil action within 90 calendar days from the date he received the decision. Tseng Decl. Exh. Q. The decision was mailed to Plaintiff on February 25, 2010. Id.

While Plaintiff contends that the instant action was timely filed because he did not receive the agency's final decision, i.e., notice of right-to-sue, until March 10, 2010, Pl.'s Opp. at 3, he failed to provide an explanation as to why he did not receive the notice earlier. Plaintiff, for instance, did not explain why a letter mailed on February 25, 2010 would take 13 days to reach his residence. As such, he failed to rebut the presumption that he received the right-to-sue letter within three days of its mailing, or by February 28, 2010. Accordingly, Plaintiff was required to commence this action within 90 days of that date. He failed to do so. Instead, he filed this action on June 8, 2010, 100 days after receipt of the right-to-sue letter. Because Plaintiff failed to timely commence the instant action within the applicable limitations period, summary judgment in favor of Defendant is appropriate.[6]

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

---

[6] In light of the procedural deficiencies outlined above, the Court does not find it necessary to address the substantive merits of Plaintiff's complaint.

1 | 1. Defendant's motion for summary judgment is GRANTED.
2 | 2. This Order terminates Docket 64.
3 | 3. The Clerk shall close the file and terminate all pending matters.
4 | IT IS SO ORDERED.
5 | Dated: 1/31/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BOYKIN et al,

       Plaintiff,

 v.

POTTER ET AL et al,

       Defendant.
                                       /

Case Number: CV10-02517 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 31, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesse J. Boykin
745 Jackson Street
Fairfield, CA 94533-5715

Dated: January 31, 2012
                                    Richard W. Wieking, Clerk
                                        By: LISA R CLARK, Deputy Clerk